No. 62.—THOMAS GARNER *et al.* plaintiffs in error, *vs.* JAMES J. KEATON, defendant.

[1.] Whether or not the bill of exceptions states with sufficient certainty the errors complained of, is a question to be decided upon hearing the merits, and not upon a motion to dismiss—when it will be necessary for the Court to look into the merits, in order to decide the motion.]

Counsel for defendant joined issue, *protestando,* on the following grounds:

1st. Because the bill of exceptions is uncertain and insufficient, in specifying the points of error and the grounds of error, in this, to wit: that *all* the errors there complained of, are matters of practice in the discretion of the Circuit Judge, and this Court cannot pass upon the exercise of that discretion, unless the bill of exceptions shall show the ground, or the special cause shown, upon which the Court founded its decisions.

2d. Because the error of the Court complained of, in not allowing a certain amendment, is not specified in the bill of exceptions; as the amendment being refused is no part of the

record, and there is nothing in the bill of exceptions, to show *what* was the amendment which was refused.

LYON & CLARK, for the motion.

BENNING, *contra.*

*Per Curiam.*—STARNES, J. delivering the opinion.

[1.] This is an objection of which the defendant can have the benefit at the hearing, upon the merits.

If the uncertainty complained of can be made certain by the record, we will so make it. We prefer not now to pause for an examination of the record; but, if after hearing the case, we find that we cannot ascertain from the record what was the amendment referred to by the bill of exceptions, we must, of course, affirm the judgment.

Let the case proceed.